## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50307
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

REYNALDO BERRELES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-443-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Reynaldo Berreles challenges his jury-trial conviction on one count of possession of a detectable amount of heroin, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess a detectable amount of heroin, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to, *inter alia*, 37-months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-50307

Berreles asserts the district court erred by allowing the Government to introduce unfairly prejudicial extrinsic-act evidence of his *prior* heroin use and sale, through testimony by informant Garza, in violation of Federal Rule of Evidence 404(b). Garza also participated in, and testified about, the controlled-buy underlying the convictions.

The parties dispute whether Berreles properly preserved this issue for appeal. We need not decide whether the issue was preserved; Berreles' contentions fail even under the standard of review for preserved errors. *See United States v. Mesquiti*, 854 F.3d 267, 275 (5th Cir. 2017) (noting the court "need not determine the applicable standard of review" when appellant "fails to establish reversible error even under the less demanding . . . standard"), *cert. denied*, 138 S. Ct. 421 (2017).

A properly preserved objection to district-court evidentiary rulings is reviewed for abuse of discretion. *United States v. Kinchen*, 729 F.3d 466, 470 (5th Cir. 2013) (citation omitted). The court "abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence". *Id.* at 470–71 (citation omitted). This abuse-of-discretion "standard is heightened when evidence is admitted under [Rule] 404(b), because [e]vidence in criminal trials must be strictly relevant to the particular offense charged". *Id.* at 470 (second alteration in original) (internal quotation marks and citation omitted).

Rule 404(b) prohibits the admission of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character". Fed. R. Evid. 404(b)(1). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident". *Id.* 404(b)(2).

No. 18-50307

Rule 404(b) limits the admissibility of extrinsic evidence; the rule is not implicated, however, when the offered evidence is intrinsic. *United States v. Crawley*, 533 F.3d 349, 353–54 (5th Cir. 2008) (citation omitted). "'Other acts' evidence is intrinsic when it is inextricably intertwined with the charged offense, when both acts are part of the same criminal episode, or when the 'other act' was a necessary preliminary step toward the completion of the charged crime." *Id.* at 354 (citation omitted).

But testimony, as in this instance, regarding defendant's past drug use, and prior drug dealings with defendant, is extrinsic evidence. *See United States v. Carrillo*, 660 F.3d 914, 927–28 (5th Cir. 2011); *United States v. McCall*, 553 F.3d 821, 827–29 (5th Cir. 2008). To avoid exclusion under Rule 404(b), extrinsic evidence (1) must be "relevant to an issue other than the defendant's character" and (2) "must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [R]ule 403". *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

For the first point, Garza's testimony provided a contextual basis for his relationship with, and recognition of, Berreles. This was relevant to establishing Garza's identification of Berreles and his brother as those who conspired to sell, and then sold, Garza heroin. The testimony was, therefore, relevant to an issue other than Berreles' character.

"[I]n determining whether the prejudicial effect of the extrinsic evidence substantially outweighs its probative value", this court considers: "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions". *Kinchen*, 729 F.3d at 473 (citation omitted). "[G]reat deference" is given "to the district court's informed

judgment in weighing the factors". *Id.* (citation omitted).  We also "consider the overall prejudicial effect of the extrinsic evidence" and, in doing so, consider whether the evidence occupied undue time at trial, was likely to confuse the jury, discussed a more serious offense than the crime for which defendant was on trial, or was of such a "heinous nature" that it would "incite the jury to irrational decision by its force on human emotion".  *United States v. Juarez*, 866 F.3d 622, 627, 629–30 (5th Cir. 2017) (citations omitted).

Garza's testimony was necessary because it allowed law enforcement to identify actors in the controlled-buy of heroin.  Although there was evidence at trial that Garza knew the Berreles brothers socially, his testimony regarding their long history of drug use and sales together further supported his ability to identify them and refute Berreles' defense of not participating in the heroin sale at issue.  Moreover, any similarities between the charged offense and the extrinsic evidence did not require exclusion of the testimony.  *See Kinchen*, 729 F.3d at 473 (citation omitted).  Likewise, any remoteness in time of the extrinsic acts did not bar their use at trial.  *See United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996) (citation omitted).

In addition, the risk of prejudice was sufficiently mitigated by the district court's limiting instruction and instruction on the elements of the offenses.  *See United States v. Garcia*, 567 F.3d 721, 728–29 (5th Cir. 2009).  Finally, Garza's testimony was not of a "heinous nature" that would "incite the jury to irrational decision by its force on human emotion".  *See Juarez*, 866 F.3d at 629.  It also did not occupy undue time at trial, concern a more serious offense than the crimes for which Berreles was on trial, or likely confuse the jury.  *See id.* at 629–30.

AFFIRMED.